a

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/18/15 yT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TERRY G. DAY (#577308) | DOCKET NO. 15-CV-916; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN, LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Terry G. Day filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on March 26, 2015. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and he is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner attacks his 2010 conviction of second degree murder in the Twelfth Judicial District Court, Avoyelles Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Procedural History*

On January 24, 2010, Petitioner's former girlfriend, Aimee Harris, was stabbed eight times with a knife. The two fatal wounds were inflicted downward into the victim's throat area, transecting her right jugular vein and right subclavian artery. See State v. Day, 2012 WL 280615, Docket No.: 2011-0734 (La. App. 3 Cir. 2/1/12). An Avoyelles Parish grand jury indicted Petitioner Terry G. Day, for second degree murder, a violation of La.R.S. 14:30.1.

A jury convicted the defendant of the offense, and the trial court sentenced him to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The defendant appealed his conviction, asserting two assignments of error: sufficiency of the evidence and whether the trial court erred by allowing the state to introduce evidence of other crimes or bad acts in violation of La. Code Evid. Art. 404. The conviction and sentence were affirmed. Id. Petitioner sought writs in the Louisiana Supreme Court, raising the same claims, but his application was denied on June 1, 2012. State v. Day, 2012-0441 (La. 6/1/12), 90 So. 3d 434 (Mem.). He sought no further review in the United States Supreme Court. Therefore, for AEDPA purposes, his conviction and sentence became final on August 30, 2012. See 28 U.S.C. §2244(d)(1)(A).

Petitioner filed an application for post-conviction relief in the Twelfth Judicial District Court almost one year later, on August 20, 2013. [Doc. #1, p.90] Relief was denied on October 11, 2013. [Doc. #1, p.104-106] He filed a writ of supervisory review in the Third Circuit Court of Appeals, which was denied on February 26, 2014. [Doc. #1, p.123] Petitioner sought further review in the Louisiana Supreme Court, which was denied on November 26, 2014. See State ex rel. Day v. State, 2014-0641 (La. 11/26/14), 152 So. 3d 900 (Mem.). Petitioner did not file his writ application in this court until March 26, 2015.

*Law and Analysis*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a **1-year statute of limitations** for the filing of applications for habeas corpus by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time *before* the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999), citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998). Of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. See Johnson v. Quarterman, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation sua sponte.

Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction became final for AEDPA purposes on **August 30, 2012**, ninety days after the denial of writs by the Louisiana Supreme Court in State v. Day, 2012-0441 (La. 6/1/12), 90 So. 3d 434 (Mem.). Petitioner filed his application for post-conviction relief approximately *356 days later*, on **August 20, 2013**. [Doc. #1, p.90] Thus, the period of time from August 30, 2012, (the date his conviction became final) and August 20, 2013 (the date he filed his application for post-conviction relief) is not tolled and *does* count against his 1-year limitations period.

The post-conviction application remained pending until the Louisiana Supreme Court denied writs on **November 26, 2014**. State ex rel. Day v. State, 2014-0641 (La. 11/26/14), 152 So. 3d 900. Therefore, Petitioner is entitled to equitable tolling from the date the application was filed, **August 20, 2013, through November 26, 2014**.

Once the Louisiana Supreme Court denied writs on November 26, 2014, Petitioner had only nine days remaining on his "one-year clock" within which to timely file a petition for writ of habeas corpus in this Court. He did not submit his habeas petition until some 119 days later. Therefore, it is clear that the instant petition is barred by the one-year limitations period.

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v.

4

Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner does not seek such equitable tolling in this case, and there is nothing of record that would indicate that Petitioner would be entitled to such equitable tolling.

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for *writ of habeas corpus* be **DISMISSED WITH PREJUDICE** as time barred under §2244(d).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 18th day of June, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE